## A. Xiques, Syndic, v. F. Rivas et al.

No contract can be avoided unless made in fraud of creditors. If made in good faith it cannot be annulled, although it prove injurious to the creditors.

No sale of property, or other contract made in the usual course of the party's business, nor any payment of a just debt in money shall be avoided, although the party was in insolvent circumstances, and the person with whom he contracted, or to whom he made the payment, knew of such insolvency.

APPEAL from the Fifth District Court of New Orleans, *Eggleston*, J. *Durant & Horner*, for plaintiff. *Benjamin, Bradford & Finney*, for defendants and appellants.

MERRICK, C. J. This suit was brought by the syndic to set aside the sale of a lot of cigars sold by the insolvent to the defendant a day or two previous to the surrender, on the ground that the sale gave the defendant an unjust and fraudulent preference over the other creditors.

The testimony in the case is somewhat meagre, but we gather from it the following facts:

The defendant, Rivas, was a wholesale dealer in cigars. The insolvent, A. Hernandez, was both a wholesale and retail dealer in the same articles. The cession took place about the 15th of April, 1858, as appears from the oral testimony; the insolvent proceedings not being in evidence.

From September 7th, 1857, to April 13th, 1858, inclusive, the insolvent, Hernandez, bought cigars of Rivas in various quantities, in value at a time from $12 to $484 50, the sales of the last mentioned day. The sum total of sales during the period was $4,702 23. Hernandez was allowed a few days credit, although the sales appear to have been for cash. About the 14th of April, 1858, Rivas, the defendant, being the creditor of Hernandez in the sum of $574 87, bought of him two kinds of cigars, which Hernandez himself had bought and imported from Havana, amounting to $585, and over-paying himself $10 13. The suit is brought to set aside this sale.

J. M. Hernandez, the plaintiff's only witness, and the clerk and brother of the insolvent, gives the following account of the transaction, viz: "Being asked to look at the bill annexed to plaintiff's petition, says the cigars therein mentioned were sold by him to Mr. Rivas on the date of the bill," (April 14, 1858) "and about two or three days before the session. Rivas did not pay cash for the cigars. The transaction was this: Witness, a few days before, had purchased a lot of cigars from Rivas for cash. Three or four days after, about the 14th, Mr. Rivas came to witness' store. He told Rivas he had orders from his brother, A. Hernandez, to pay his bill. Rivas said it was all right; but that he had got an order for certain cigars which he did not have in his store, but as witness had them in the

store, and asked witness the price of said cigars, Rivas then said the price suited him, and he much preferred them instead of the money that A. Hernandez owed him then. He would take said amount in said brand of said cigars. He wanted them. The transaction was made, and there was about $10 over, which was due from Rivas; and this is how Rivas got the cigars in lieu of money due by A. Hernandez." In another place he says, the cigars were sold at a regular price, and that he did not suppose Rivas knew the situation of the affairs of Hernandez. "Witness did not know at that time that Hernandez could not pay his debts. All the bills were paid as they were presented, at that time." "The order witness got from his brother was to pay Rivas the amount of his claim, about $400 and some dollars, and he had at one time sufficient amount in the store to pay him; that is not in cash, but bills he had to collect on that day; also the cash receipts from the other stores."

This testimony, which cannot be controverted by plaintiff, does not appear to us to bring the case within the rule established in the cases of Debon v. Bache, 1 M. R. 240; Ritchie v. Sands, 10 M. R. 704; Canfield v. Maher, 4 N. S. 174; and Coddington v. Tupper, 4 L. R. 127.

In the case at bar, the goods sold by Rivas to Hernandez were sold, nominally for cash. A considerable portion, at least, of the cigars sold on the 13th of April by Rivas to the insolvent, were surrendered to the creditors. The insolvent, with ability so to do, had offered to pay Rivas. The sale from the former to the latter was in the due course of business of Hernandez, and it may also be inferred, of Rivas. Rivas was in good faith, and there was nothing remarkable in his desire to purchase (to supply a customer) a particular brand which Hernandez himself had selected at Havana.

The case does not therefore clearly show that the creditors have been injured by the sale. Had it not taken place, Rivas would have had his money, or at least his vendor's privilege upon the cigars sold by him and surrendered.

The transaction, although differing from all previous ones between these parties, was in the usual course of business of the two houses, for they both bought and sold by the wholesale.

The defendant appears, therefore, to be protected by article 1981, and the latter clause of article 1973 of the Civil Code.

It is therefore ordered, adjudged and decreed by the Court, that the judgment of the lower court be avoided and reversed; and that there be judgment in this Court in favor of the defendant, with costs of both courts.